CHARLES H. PERRINE, DEFENDANT IN ERROR, v. THE PENNSYLVANIA RAILROAD COMPANY, PLAINTIFF IN ERROR.

Argued November 17, 1904—Decided November 18, 1904.

The fact that a plaintiff had never known a site upon which he placed his wheat stacks, which stacks were injured by backwater, caused by a culvert constructed by the defendant, to be flooded, is not conclusive that the defendant should not have anticipated that the culvert, as constructed, would be likely to cause such an injury.

On error to the Supreme Court.

For the plaintiff in error, *Alan H. Strong.*

For the defendant in error, *Theodore B. Booraem.*

The opinion of the court was delivered by

REED, J. The defendant in error, Perrine, sued the Pennsylvania Railroad Company to recover the damages resulting to him from backwater in Indian run, a stream which flowed through Perrine's land. The railroad company had dammed this stream, and had placed a culvert to carry through the embankment the water flowing in Indian run.

The plaintiff's case was rested upon the insistence that this culvert was insufficient in size and defective in structure, and that because of this the water of the creek was held back and flooded plaintiff's land. The jury so found.

The single ground assigned for the reversal of the judgment entered upon this verdict is that the trial justice permitted the jury, in estimating the damages, to include the injury caused to five stacks of wheat belonging to the plaintiff below. These stacks had been placed on a knoll about eighteen inches higher than the surrounding land of the plaintiff.

The request to charge was that the defendant was not liable for injury to these wheat stacks, which stood upon ground which never before was covered by water.

The trial justice refused this request, but charged that if the wheat was damaged because of the smallness of the culvert—smaller than the defendant should have anticipated the needs to be—and the backwater came and the wheat was flooded and injured as a result thereof, then he may recover what you think is proper to be allowed for that.

The argument in support of this request to charge is rested upon the admission of the plaintiff, upon cross-examination, that he thought his wheat was perfectly safe on the knoll, and that he had never known that knoll to be covered by water.

The argument drawn from this testimony by the counsel for the plaintiff in error is that if the plaintiff below had no reason to anticipate that these stacks would be flooded by the insufficient culvert, the defendant could have had no reason to anticipate it.

In the language of his brief "each party had precisely the same means of gauging whether such a storm would occur, and if so, whether the culvert would or would not prove adequate to keep the water from the wheat stacks."

This proposition assumed—*first,* that the knowledge of both parties was the same; *secondly,* that what each was bound to know was the same; and *thirdly,* that each must be conclusively presumed to have drawn the same conclusions therefrom.

Now, firstly, it does not appear what the defendant knew when it built the culvert or thereafter; and as to the plaintiff, it only appears that he did not know that the knoll had ever been flooded during the thirteen years which had passed

since the culvert was constructed.    Whether it had been flooded does not appear.

Secondly.  There was a duty imposed upon the defendant to learn all the conditions which it reasonably could to enable it to build a safe culvert.   It was its duty, when damming the run, to ascertain the character of the stream—how it was fed; how it had been affected by previous rainstorms, or was, from its topographical position, likely to be affected by floods from future rainfalls and thaws.

Then it was its duty, through its engineers, to calculate the space required to carry any volume of water which could be reasonably anticipated, and then to construct a culvert with a capacity and of a design calculated to accomplish this purpose.

But no duty rested upon the plaintiff to collect this information, or to make calculations, or to see that the culvert, as built, was adequate in size or correct in construction.

Then, thirdly, because the plaintiff thought the knoll safe from backwater is no conclusive proof that the defendant should not have reasonably concluded otherwise.  The plaintiff's opinion of the safety of the knoll was of no more importance than that of any other witness with his information and judgment.

It raised no conclusive presumption that the defendant, with the knowledge it should have had, could not have reasonably anticipated that the structure, as built, would be likely to flood the knoll.

The request was properly refused.   The judgment should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DIXON, GARRISON, GARRETSON, PITNEY, SWAYZE, REED, BOGERT, VREDENBURGH, VOORHEES, VROOM.   12.

*For reversal*—None.